MINNESOTA MINING & MFG. CO. v.
NEISNER BROS., Inc.
No. 51 C 1789.

United States District Court
N. D. Illinois, E. D.
Dec. 21, 1951.

Haight, Goldstein & Haight, Chicago, Ill., for plaintiff.

Marshall & Marshall, Chicago, Ill., for defendant.

CAMPBELL, District Judge.

The complaint filed herein charges infringement by the defendant of United States Patent No. 2,177,627, issued to plaintiff on October 31, 1939, on the application of one Richard Curley Drew, for Adhesive Sheeting. This is the basic patent under which the plaintiff manufactures and sells transparent pressure-sensitive adhesive tape, known commercially as "Scotch" Brand Cellophane Tape. The accused tape —called "Edaplast" Cellophane Tape—is manufactured by Eugen Dahm & Sons, a partnership of Ontario, Canada. Since the manufacturer was located outside the jurisdiction, suit was brought against the defendant as a vendor of the accused tape. However, since the institution of the action, the manufacturer has intervened as a party defendant.

The nature of plaintiff's patented invention is described specifically in the specifications of the patent in the following language: "This invention relates to adhesive sheets having a backing with a non-fibrous surface (such as normal or waterproofed films of regenerated cellulose) and a coating of normally tacky and pressure-sensitive adhesive united thereto. While not limited thereto, the invention relates especially to transparent adhesive sheets, to adhesive sheets in the form of adhesive tapes which may be sold in stacked or coiled form, and to adhesive sheets or tapes which are well adapted to the sealing or securing of wrappers composed of non-fibrous lustrous cellulosic films and the like."

The matter is now before the Court on plaintiff's motion for a preliminary injunction. Plaintiff relies upon Claims 4, 5, 6, 7, 8 and 15 of the patent in suit, which claims state:

"4. A transparent adhesive sheet comprising a non-fibrous transparent flexible film backing having non-porous surfaces and a water-insoluble normally tacky and pressure-sensitive transparent flexible adhesive coating, said adhesive coating being

firmly united to said backing and the adhesive and backing being of such kinds that the back surface of the backing is inactive to the adhesive coating to a degree permitting unwinding of the adhesive sheet from rolls thereof without delamination or offsetting of adhesive.

"5. A transparent adhesive sheet comprising a non-fibrous transparent flexible film backing having non-porous surfaces and a water-insoluble transparent adhesive coating having a rubbery base and so composed that it is non-offsetting and normally tacky and pressure-sensitive, said adhesive coating being firmly united to said backing and the adhesive and backing being of such kinds that the back surface of the backing is inactive to the adhesive coating to a degree permitting unwinding of the adhesive sheet from rolls thereof without delamination or offsetting of adhesive.

"6. A transparent adhesive sheet comprising a non-fibrous transparent flexible cellulosic film backing having non-porous surfaces and a water-insoluble transparent adhesive coating having a rubbery base and so composed that it is non-offsetting and normally tacky and pressure-sensitive, said adhesive coating being firmly united to said backing and the adhesive and backing being of such kinds that the back surface of the backing is inactive to the adhesive coating to a degree permitting unwinding of the adhesive sheet from rolls thereof without delamination or offsetting of adhesive.

"7. A transparent adhesive sheet comprising a non-fibrous transparent flexible regenerated cellulose film backing having non-porous surfaces and a water-insoluble transparent adhesive coating having a rubbery base and so composed that it is non-offsetting and normally tacky and pressure-sensitive, said adhesive coating being firmly united to said backing and the adhesive and backing being of such kinds that the back surface of the backing is inactive to the adhesive coating to a degree permitting unwinding of the adhesive sheet from rolls thereof without delamination or offsetting of the adhesive.

"8. An adhesive sheet comprising a transparent flexible non-fibrous cellulosic film backing having smooth lustrous surfaces and a water-insoluble normally tacky and pressure-sensitive non-offsetting transparent, rubber-resin type adhesive coating firmly united to said surface, the composite sheet being transparent.

"15. An adhesive sheet comprising a non-fibrous flexible film backing having non-porous surfaces and a water-insoluble normally tacky and pressure-sensitive flexible adhesive coating, said adhesive coating being firmly united to said backing and the adhesive and backing being of such kinds that the back surface of the backing is inactive to the adhesive coating to a degree permitting unwinding of the adhesive sheet from rolls thereof without delamination or offsetting of adhesive, said adhesive sheet transmitting light so that the sheet will not conceal the coloring or markings of surfaces to which applied."

Each of said claims has been held valid in previous suits thereon before the Court of this District. Claims 4, 5, 6, 8, 10, 11, 15 and 16 were adjudged valid in Minnesota. Min. & Mfg. Co. v. International Plastic Corp., D.C.1945, 62 F.Supp. 34. Claims 1, 2, 3, 4, 5, 6, 7, 8, and 15 were adjudged valid in Minnesota Min. & Mfg. Co. v. Pax Plastics Corp., D.C.1946, 65 F.Supp. 303. Both judgments were affirmed by the Court of Appeals of this Circuit in Minnesota Min. & Mfg. Co. v. International Plastic Corp., 7 Cir., 1947, 159 F.2d 554.

Defendant opposes the motion for a preliminary injunction on the following grounds: (1) Non-infringement; (2) The validity of plaintiff's patent has not been adjudicated with respect to the constituent properties of the "Edaplast" Cellophane Tape; (3) The intervener and defendant, and not the plaintiff, would be irreparably injured by the issuance of an injunction. As to the issue of infringement, defendant asserts that (1) Plaintiff's patent claims call for a rubbery base adhesive, whereas "Edaplast" contains no rubber whatsoever, either natural or synthetic; (2) Plaintiff's patent claims 4 and 15 call for a film backing having non-porous surfaces, whereas the backing of "Edaplast" tape is porous; (3) The adhesive employed in "Edaplast" tape follows the art taught in Stinchfield Patent No. 1,627,935, which was issued

928

more than two years before the filing of the first application for the patent in the present suit.

In view of the fact that the parties have thoroughly briefed their legal arguments, and have submitted numerous affidavits and exhibits, the whole matter is now before me, thereby enabling me to make complete disposition of the pending motion.

All of defendant's contentions are untenable. At the outset it should be remembered that the gist of Drew's invention, as recognized by the Court of Appeals in the prior litigation, is that the inventive article is a new combination of a plurality of old, well-known elements. In its simplest form, the tape of the Drew patent is composed of a film backing such as cellophane, and a layer of transparent pressure-sensitive adhesive coated thereon and bonded to the cellophane or similar transparent film. The novelty of the invention is not concerned with the novelty of the adhesive, per se, or of any ingredient thereof, or of the film backing, per se, but rather in the combination of known elements whereby a novel article is produced.

■ Conceding that Claims 5, 6 and 7 of the Drew patent call for a "rubbery base" adhesive and that Claim 8 calls for a "rubber-resin type" adhesive, the mere fact that defendant employs a 100% synthetic resin adhesive is insufficient to remove defendant's adhesive from the purview of those claims. The normal construction of the expression "rubbery base" is that the product is similar to rubber at least in some of its physical properties as, for example, in its elasticity, stretchiness and the like. The adhesive coating of the accused tape clearly fulfills such a description. Similarly, the term "rubber-resin type" adhesive properly indicates an adhesive having the physical properties of rubber-resin adhesives, which properties defendant's coating patently possesses. Furthermore, the use of 100% resin, natural or synthetic, rather than the suggested proportions of rubber and resin as described in the Drew patent, might be more accurately denoted as merely a change in degree rather than in kind. In any event it should be noted that

Claims 4 and 15 contain no reference to "rubbery base" or "rubber-resin type" adhesives. Those claims simply require a "water-insoluble normally tacky and pressure-sensitive transparent flexible adhesive coating". By no stretch of the imagination can defendant's adhesive, which is a vinyl alkyl ether polymer, be described in any other manner than as a "water-insoluble normally tacky and pressure-sensitive transparent flexible adhesive coating". It follows, therefore, that defendant's adhesive falls within the well-defined scope of Drew's claims.

Defendant's second contention, i. e., that Claims 4 and 15 call for a non-porous film backing, whereas defendant's backing is porous, is devoid of merit. The backing of the "Edaplast" tape is nothing more than normal or non-moistureproofed cellophane, which is the same material used by plaintiff. Defendant is apparently of the opinion that, because its film backing will absorb water, as distinguished from plaintiff's backing which repels water, it is, therefore, porous. There are a number of reasons why this conclusion is erroneous. In the first place, the term "non-porous" as used in the Drew patent is utilized for the purpose of distinguishing the cellophane film from the paper or cloth backings previously used in the trade. Secondly, normal or non-moistureproofed cellophane is described by its manufacturer as non-porous. Thirdly, defendant's backing is identical with the backing used in the "Pax" tape, previously adjudicated to be an infringement in Minnesota Min. & Mfg. Co. v. Pax Plastics Corp., supra.

■ The remaining contention of defendant, i. e., that the "Edaplast" tape follows the teachings of the Stinchfield patent, can be disposed of summarily. The Stinchfield patent does not disclose or refer to any kind of pressure-sensitive tape or to an adhesive tape of any kind, and, hence, cannot be validly interposed in this proceeding.

■ For the foregoing reasons and for the reason that there has been an adequate showing of irreparable injury to plaintiff, the preliminary injunction should issue.

Plaintiff's motion for a preliminary injunction is granted, and plaintiff is hereby directed to submit to the Court, a preliminary injunction decree proper as to form.